## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| Michele Broussard<br><br>    Plaintiff(s)<br><br>v.<br><br>Eli Lilly and Company and Lilly USA, LLC<br>    Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. _27__ (ECF 503 ).

## **IDENTIFICATION OF PARTIES**

**Plaintiff(s)**

    1.    Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Michele Schmitz Broussard _____.

    2.    If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____, as _____ of the estate of _____, deceased.

    3.    If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

    4.    If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendant(s)**

    5.    Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

        _____ Novo Nordisk Inc.

        _____ Novo Nordisk A/S

        ☑ Eli Lilly and Company

        ☑ Lilly USA, LLC

        _____ other(s) (identify): _____

2

## JURISDICTION AND VENUE

6.    City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Huntsville, Alabama

7.    State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Alabama

8.    State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Alabama

9.    City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Huntsville, Alabama

10.    Jurisdiction is based on:

✓    diversity of citizenship pursuant to 28 U.S.C. § 1332

_____    other (plead in sufficient detail as required by applicable rules):

_____

_____

11.    The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

Northern District of Alabama, Northeastern Division

12.    Venue is proper in the District Court identified in Paragraph 11 because:

✓    a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

3

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

## **PRODUCT USE**

14.     Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are

being asserted in this case (check all that apply):

    \_\_\_\_\_     Ozempic (semaglutide)

    \_\_\_\_\_     Wegovy (semaglutide)

    \_\_\_\_\_     Rybelsus (oral semaglutide)

    \_\_\_\_\_     Victoza (liraglutide)

    \_\_\_\_\_     Saxenda (liraglutide)

    ✓     Trulicity (dulaglutide)

    \_\_\_\_\_     Mounjaro (tirzepatide)

    \_\_\_\_\_     Zepbound (tirzepatide)

    \_\_\_\_\_     Other(s) (specify): _____

15.     To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA

Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple

products, specify date range(s) for each product):

    July 2017 - February 2022

## **INJURIES AND DAMAGES**

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

_____ Other gastro-intestinal injuries (specify) _____

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

✓ Gallbladder Injury (specify) Cholecystectomy, Chronic Cholecystitis, and Cholelithiasis

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

✓ Additional/Other(s) (specify): Biliary acute pancreatitis with uninfected necrosis

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

March 2022

_____

_____

_____

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    ✓    Injury to self

\_\_\_\_\_ Injury to person represented

    ✓    Economic loss

\_\_\_\_\_ Wrongful death

\_\_\_\_\_ Survivorship

\_\_\_\_\_ Loss of services

\_\_\_\_\_ Loss of consortium

\_\_\_\_\_ other(s) (specify): _____

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

 \_\_\_\_\_ Count I: Failure to Warn – Negligence

 \_\_\_\_\_ Count II: Failure to Warn – Strict Liability

 \_\_\_\_\_ Count III: Breach of Express Warranty/Failure to Conform to Representations

 \_\_\_\_\_ Count IV: Breach of Implied Warranty

 ✓ Count V: Fraudulent Concealment/Fraud by Omission

 ✓ Count VI: Fraudulent/Intentional Misrepresentation

 \_\_\_\_\_ Count VII: Negligent Misrepresentation/Marketing

 \_\_\_\_\_ Count VIII: Strict Product Liability Misrepresentation/Marketing

 \_\_\_\_\_ Count IX: Innocent Misrepresentation/Marketing

 ✓ Count X: Unfair Trade Practices/Consumer Protection (see below)

 \_\_\_\_\_ Count XI: Negligence

 \_\_\_\_\_ Count XII: Negligent Undertaking

 ✓ Count XIII: State Product Liability Act (see below)

 \_\_\_\_\_ Count XIV: Wrongful Death

 \_\_\_\_\_ Count XV: Loss of Consortium

 \_\_\_\_\_ Count XVI: Survival Action

 ✓ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

See Attachment "A" for counts V & VI

_____

_____

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

a.    Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

Ala. Code § 8-19-1, et seq. Alabama Deceptive Trade Practices Act (ADTPA)

_____

_____

b.    Identify the factual allegations supporting those claims (by subsection, if applicable):

See Attachment "B"

_____

_____

*** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.**

21.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a.   Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

Ala. Code § 6-5-521 Product Liability Action

    b.   Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

Failure to Warn- Negligence; Failure to Warn- Strict Liability; Breach of Express Warranty/ Failure to Conform to Representations; Breach of Implied Warranty; Negligent Misrepresentation/ Marketing; Strict Product Liability Misrepresentation/ Marketing; Innocent Misrepresentation/ Marketing; Negligence; Negligent Undertaking

    c.   Identify the factual allegations supporting those claims:

See pg. 173, et seq., of Master Complaint (Failure to Warn- Negligence); See pg. 184, et seq., of Master Complaint (Failure to Warn- Strict Liability); See pg. 194, et seq., of Master Complaint (Breach of Express Warranty/ Failure to Conform to Representations); See pg. 199, et seq., of Master Complaint (Breach of Implied Warranty); See pg. 227, et seq., of Master Complaint (Negligent Misrepresentation/ Marketing); See pg. 232, et seq., of Master Complaint (Strict Product Liability Misrepresentation/ Marketing); See pg. 238, et seq., of Master Complaint (Innocent Misrepresentation/ Marketing); See pg. 245, et seq., of Master Complaint (Negligence); See pg. 248, et seq., of Master Complaint (Negligent Undertaking).

***\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? <u>See paragraph 28 of Attachment "B".</u>  If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.


Date: 12/31/2025                                          By: /s/ Mackenzi L. Saucier
                                                          Mackenzi L. Saucier (LA Bar No. 40937)
                                                          Betsy J. Barnes (La. Bar No. 19473)
                                                          John C. Enochs (La. Bar No. 22774)
                                                          Alex F. Connolly (MS Bar No. 101680)
                                                          MORRIS BART, L.L.C.
                                                          601 Poydras St. 24th Floor
                                                          New Orleans, LA 70130
                                                          Telephone: (504) 525-8000
                                                          Fax: (504) 599-3380
                                                          msaucier@morrisbart.com
                                                          bbarnes@morrisbart.com
                                                          jenochs@morrisbart.com
                                                          aconnolly@morrisbart.com
                                                          Attorneys for Plaintiff